# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, </br></br>  Plaintiff, </br></br> v. </br></br> (1) KEISHA JONES-ATCHISON, </br> (2) DAVID ATCHISON, SR., and </br> (3) FANNIE ATCHISON, </br></br>  Defendants. | Case No. CIV-17-654-D |

## COMPLAINT

Plaintiff Hartford Life and Accident Insurance Company ("Hartford"), pursuant to Federal Rule of Civil Procedure 22 and for its Complaint against Defendants Keisha Jones-Atchison ("Ms. Jones-Atchison"), David Lamare Atchison I ("Mr. Atchison, Sr."), and Fannie Atchison ("Ms. Atchison"), alleges and states as follows:

### PARTIES, JURISDICTION, VENUE, AND FACTUAL BACKGROUND

1. Hartford is a corporation organized under the laws of the State of Connecticut with its principal place of business in the State of Connecticut. Hartford is, therefore, a citizen of the State of Connecticut.

2. Ms. Jones-Atchison resides at 12324 Green Valley Drive, Oklahoma City, Oklahoma 73130. Upon information and belief, Ms. Jones-Atchison is a citizen of the State of Oklahoma.

3. Mr. Atchison, Sr. resides at 8801 Cecile Place, Spencer, Oklahoma, 73084. Upon information and belief, Mr. Atchison, Sr. is a citizen of the State of Oklahoma.

4.      Ms. Atchison resides in Ft. Myers, Florida. Upon information and belief, Ms. Atchison is a citizen of the State of Florida.

5.      The Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. § 1331 because the insurance policy at issue is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). This action arises under the laws of the United States because Hartford seeks to enforce the ERISA provisions by ensuring that insurance funds are disbursed to the proper beneficiary under the law.[1]

6.      This is a case of actual controversy within the jurisdiction of this Court. Therefore, the Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. § 2201. The Court may grant further necessary or proper relief pursuant to 28 U.S.C. § 2202.

7.      Supplemental jurisdiction exits under 28 U.S.C. § 1367 to the extent state law is not preempted.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district. Specifically, venue is proper because David Lamare Atchison II ("Mr. Atchison, Jr.") died within the Western District of Oklahoma and, upon information and belief, Ms. Jones-

---

[1] *See In re $139,000.00 in Interpleaded Funds*, No. 5:16-CV-5092, 2017 WL 700148, at *1 (W.D. Ark. Feb. 22, 2017) ("The insurance policy in question is governed by [ERISA], giving this Court federal question jurisdiction over the matter." (citing 28 U.S.C. § 1331)); *Union Sec. Ins. Co. v. Smith*, No. 16-3437-CV-S-BP, 2017 WL 80259, at *2 (W.D. Mo. Jan. 9, 2017) (collecting cases).

Atchison and Mr. Atchison both originated their claims to the insurance benefits at issue within the Western District of Oklahoma. In the alternative, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3) because Ms. Jones-Atchison and Mr. Atchison, Sr., at a minimum, are subject to personal jurisdiction in the Western District of Oklahoma. Upon information and belief, Ms. Atchison is also subject to personal jurisdiction in the Western District of Oklahoma.

9. Hartford is the carrier of a group policy (the "Policy") with basic life insurance benefits and other coverages not relevant to this action for its policy holder—Siemens Corporation ("Siemens").

10. Prior to his death, Mr. Atchison, Jr. was employed by Siemens and was a participant in the Policy.

11. Mr. Atchison, Jr. designated Ms. Jones-Atchison as the 100% primary beneficiary for the proceeds of his basic life insurance benefits. Mr. Atchison, Jr. did not designate any other beneficiaries for the proceeds of his basic life insurance benefits.

12. Mr. Atchison, Sr. is the father of and Ms. Atchison is the mother of Mr. Atchison, Jr. Upon information and belief, Mr. Atchison, Sr. and Ms. Atchison are claimants or, at a minimum, potential claimants, of the basic life insurance benefits to be paid pursuant to the Policy.

13. The Policy, in its succession provision, provides that when the insured has not named a beneficiary, the benefits will be paid in the following order: (1) to the spouse or domestic partner, if living; otherwise (2) to the then living children of the insured, if any, in equal shares; otherwise (3) to the mother and father of the insured, if then living, in equal

shares; otherwise (4) to the then living brothers and sisters of the insured, in equal shares; otherwise (5) to the estate of the insured.

14. When a primary beneficiary is barred from receiving life insurance proceeds and no contingent beneficiary has been named, Hartford makes payment of the life insurance proceeds pursuant to the Policy's succession provision. Thus, if Ms. Jones-Atchison is barred from receiving the basic life insurance benefits payable pursuant to the Policy, that amount is to be paid to Mr. Atchison, Sr. and Ms. Atchison.

15. Mr. Atchison, Jr. died after being shot by an unknown person(s) on January 8, 2017. At this time, there have been no arrests in connection with the death of Mr. Atchison, Jr.

16. Ms. Atchison and Mr. Atchison, Sr., are not suspects for the homicide of Mr. Atchison, Jr.

17. Ms. Jones-Atchison has not been ruled out as a suspect for the homicide of Mr. Atchison, Jr., and the circumstances surrounding his death remain unclear. Upon information and belief, Ms. Jones-Atchison is a suspect and/or person of interest in the death of Mr. Atchison, Jr.

18. Title 84, § 231, of the Oklahoma Statutes prohibits certain persons, including insurance beneficiaries, who contributed to the death of an insured, from taking the proceeds of any insurance policy payable upon death or disability of the insured.

19. The amount of pertinent life insurance benefits to be paid pursuant to the Policy's basic life coverage is $75,000.00.

20. On or about March 13, 2017, Ms. Jones-Atchison submitted a claim form to Hartford requesting the basic life insurance benefits payable on the death of Mr. Atchison, Jr. be paid to her. Ms. Jones-Atchison provided no details regarding the death of Mr. Atchison, Jr.

21. On or about April 14, 2017, Mr. Atchison, Sr. submitted a Preference Beneficiary Affidavit ("PBA"). In the PBA, Mr. Atchison, Sr. claimed entitlement to some or all of the Policy's benefits, by way of the Policy's succession provision.

22. In the PBA, Mr. Atchison, Sr. stated under oath, in pertinent part, that the deceased had no surviving spouse, and no surviving children..

23. The divorce decree of Ms. Jones-Atchison and Mr. Atchison, Jr. states that there were no children. *See also* Ex. 1, David L. Atchison II Obituary (last accessed June 12, 2017)

24. Thus, the total amount to which a dispute in ownership exists is $75,000.00, plus interest payable pursuant to Okla. Stat. tit. 36, § 4112 (the "Stake").

## COUNT I: INTERPLEADER OF FUNDS

25. Hartford incorporates the allegations contained in Paragraphs 1 through 24 above as if fully restated herein.

26. Federal Rule of Civil Procedure 22 allows for a stakeholder to interplead funds to the Court and join as defendants those persons with claims that have the potential to expose the stakeholder to double or multiple liability.

27. In this action, Hartford has the potential to be exposed to multiple liability based on the competing claims to the Stake of (i) Ms. Jones-Atchison and (ii) Mr. Atchison,

Sr. and Ms. Atchison based, in part, on whether Okla. Stat. tit. 84, § 231, applies and prevents Ms. Jones-Atchison from recovering any basic life insurance benefits from her ex-husband's Policy.

28. The Stake at issue consists of $75,000.00 in basic life insurance benefits payable pursuant to the Policy and interest payable pursuant to Okla. Stat. tit. 36, § 4112.

29. As of June 12, 2017, the amount of the Stake is estimated to be $75,100.27.

30. The Stake is currently held by Hartford, but Hartford has no beneficial interest in the controversy or in the Stake other than ensuring the Stake is distributed to the appropriate beneficiary or beneficiaries.

31. Hartford cannot allow either Ms. Jones-Atchison, Mr. Atchison, Sr., or Ms. Atchison to receive the Stake without determining questions of fact and law and without exposing itself to the risk of being subjected to the cost and expense of defending itself in a multiplicity of lawsuits and the increased potential of double or multiple liabilities or inconsistent determinations as to the Stake.

32. This action is necessary to fully and finally establish the rights, liabilities, and obligations of the parties.

33. Hartford has been compelled to employ attorneys and to pay court costs for the purpose of protecting its interest arising out of the conflicting claims to the Stake and is entitled to an award of fees and costs under the Federal Rules of Civil Procedure, statutes, common law, and case law.

34. Hartford is prepared to order payment of the Stake in the amount of $75,000.00, plus interest payable pursuant to Okla. Stat. tit. 36, § 4112, to the court clerk or otherwise as the Court directs.

**PRAYER FOR RELIEF**

WHEREFORE, Hartford prays the Court (i) determine ownership of the Stake as between Ms. Jones-Atchison, Mr. Atchison, Sr., and Ms. Atchison, (ii) declare the rights and other legal relations of the parties arising from or related to this dispute and fully and finally resolve the dispute and all related claims between the parties, (iii) discharge Hartford from this proceeding once it has deposited the Stake with the court clerk, (iv) relieve Hartford of all liability once it has deposited the Stake with the court clerk, (v) enjoin Defendants from instituting or prosecuting any proceedings to claim an interest in the Stake in another court, (vi) grant Hartford a dismissal with prejudice, and (vii) award Hartford its costs, attorneys' fees, and all other relief the Court deems just and proper.

Respectfully submitted,

s/ *Andrew J. Morris*
Jodi W. Dishman, OBA # 20677
Andrew J. Morris, OBA # 31658
MCAFEE & TAFT
A PROFESSIONAL CORPORATION
10th Floor, Two Leadership Square
211 N. Robinson Ave.
Oklahoma City, Oklahoma 73102
Telephone:      (405) 235-9621
Facsimile:       (405) 235-0439
E-mail:    jodi.dishman@mcafeetaft.com
              andrew.morris@mcafeetaft.com

**ATTORNEYS FOR PLAINTIFF HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**