# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

HARTFORD LIFE AND ACCIDENT )
INSURANCE COMPANY, )
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　)
v. ) Case No. CIV-17-654-D
　　　　　　　　　　　　　　　　　　)
KEISHA JONES-ATCHISON, et al., )
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants. )

## ORDER

This matter comes before the Court on Plaintiff Hartford Life and Accident Insurance Company's Motion for Attorney's Fees [Doc. No. 18]. The motion is unopposed. Upon review, the Court finds Hartford's motion should be granted as follows.

## BACKGROUND

Hartford is the carrier of a group policy (the "Policy") with basic life insurance benefits and other coverages not relevant to this action for its policy holder—Siemens Corporation ("Siemens"). David Lamare Atchison II ("Mr. Atchinson") was employed by Siemens and was a participant in the Policy. Mr. Atchison died after being shot by an unknown person(s) on January 8, 2017. His wife, Keisha Jones-Atchison, submitted a claim for benefits payable on Mr. Atchison's death. However, Mr. Atchison's father, David Lamare Atchison, Sr., submitted a

Preference Beneficiary Affidavit ("PBA"). In the PBA, Mr. Atchison, Sr. claimed entitlement to some or all of the Policy's benefits, by way of the Policy's succession provision.

To date, there have been no arrests in connection with the death of Mr. Atchison, although court filings in this case state that Ms. Jones-Atchison has not been ruled out as a suspect and the circumstances surrounding Mr. Atchison death remain unclear.[1] Citing the existence of competing claims to the Policy proceeds, Hartford filed this interpleader action under Rule 22, Federal Rules of Civil Procedure. On October 19, 2017, the Court granted Hartford permission to deposit the proceeds into the Clerk's registry and discharge it from this action [Doc. No. 22]. Hartford now seeks an attorney's fee award of $7,511.50 from the deposit as reimbursement of its fees incurred in bringing this action.

**STANDARD OF DECISION**

The prevailing principle in interpleader actions is that it is within the discretion of the court to award the stakeholder costs, including reasonable attorney's fees, out of the deposited fund. *Melton v. White*, 848 F.Supp. 1513, 1514 (W.D. Okla. 1994). The Court normally taxes such fees in favor of a stakeholder

---

[1] Although Ms. Jones-Atchison and the decedent had no children, *see* Compl. ¶ 23 [Doc. No. 1], on April 5, 2018, Anitra Haag, Amber Smith, and Kristie Hall sought to intervene in this action, claiming Mr. Atchison was the biological father of their children, L.M.H., I.E.S., and J.H., respectively [Doc. No. 41].

who: (1) is "disinterested," i.e., does not itself claim entitlement to any of the interpleader fund; (2) does not appear to be culpable; (3) concedes its liability in full; (4) deposits the disputed fund in court; and (5) seeks discharge. *Irwin v. Principal Life Ins. Co.*, 404 F. Supp. 2d 1271, 1278 (D. Kan. 2005). It is undisputed that Hartford has met these requirements.

In the present action, there has been no allegation Hartford was culpable in causing the controversy over the Policy proceeds. Moreover, Hartford has disclaimed any interest, conceded liability, deposited the proceeds and has been discharged from this lawsuit. Accordingly, the Court finds Hartford is entitled to an award of its reasonable attorney's fees to be paid out of the deposited funds.

## DISCUSSION

In determining reasonable attorney's fees, the starting point for determining the amount of a reasonable fee is the "lodestar" figure – "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). If a party is seeking compensation for services of a non-lawyer, such as a legal assistant, the Court must scrutinize the reported hours and suggested rates in the same manner. *Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998). The party seeking an award of fees has the burden of proving both the number of hours spent and

reasonableness of the hourly rates. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000). Once this burden is met, a claimant is entitled to the presumption this lodestar amount reflects a "reasonable" fee. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

Once the Court determines the lodestar, it must then determine whether any upward or downward adjustments should be made to the lodestar "to account for the particularities of the suit and its outcome." *Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012) (citation omitted). In assessing whether adjustments should be made, courts often consider the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, which include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) preclusion of other employment; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and relationship of the professional relationship with the client; and (12) awards in similar cases.

488 F.2d 714, 717-19 (5th Cir. 1974). The Tenth Circuit has approved these factors for determining reasonableness. *Brown v. Phillips Petro. Co.*, 838 F.2d 451 (10th Cir. 1988). It is rare that all factors are met. *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 853 (10th Cir. 1993). Although these factors may be considered, the court does not need to consider "the factors [ ] subsumed within the

4

initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434 n. 9. The lodestar calculation is meant to be the primary consideration when awarding fees rather than the Johnson factors. *Anchondo*, 616 F.3d at 1103 (citing *Perdue v. Kenny A ex rel. Winn*, 559 U.S. 542 (2010)).

As stated, Hartford seeks $7,511.50 in attorney's fees. In support, it submits time records showing its attorneys and paralegals spent 33.2 hours working on this matter. Jodi Dishman was the primary attorney in the matter, and she submitted time records showing 10.2 hours spent litigating the case. Andrew Morris, the other attorney in this matter, submitted records showing he expended 20.9 hours. Paralegals Cynthia McHale and Bre Little spent .8 and 1.3 hours working on the case, respectively.

Upon review, counsel's time records describe with particularity the tasks performed and time spent on them. The Court has examined the fee statement for duplication of services, excessive time billing for particular tasks, use of too many attorneys, unnecessary performance of clerical tasks by lawyers, and other work deemed unnecessary or irrelevant, and finds counsel has made adequate reductions and no additional reduction is required.

Next, the Court finds that the hourly rates in this matter are reasonable. In setting the hourly rate, "the court should establish, from the information provided to it and from its own analysis of the level of performance and skill of each lawyer

whose work is to be compensated, a billing rate for each lawyer based upon the norm for comparable private firm lawyers in the area in which the court sits, calculated as of the time the court awards fees." *Sussman v. Patterson*, 108 F.3d 1206, 1211 (10th Cir. 1997) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983)). A reasonable hourly rate comports with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). The focus of the inquiry is on the rates of lawyers of comparable skill and experience. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998). The Court may consider counsel's customary rate, but it is not conclusive evidence. *Id.* at 1203. The court may also consider the quality of representation. *Ramos*, 713 F.2d at 555. If the court does not have before it adequate evidence of prevailing market rates, the court may, in its discretion, "use other relevant factors, including its own knowledge, to establish the rate." *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (citing *Case*, 157 F.3d at 1257).

For Dishman, Hartford requests an hourly rate of $305. For Mr. Morris, it requests an hourly rate of $200. Hartford also requests an hourly rate of $105 for paralegals McHale and Little. Mr. Morris has submitted an affidavit outlining counsel's respective experience and skill and their customary rates for services. Upon review, the Court finds Plaintiff has presented substantial evidence that the requested rates are in line with the prevailing market rates for lawyers of comparable

6

skill and experience practicing in the Oklahoma City area (i.e., Western District of Oklahoma). Accordingly, the Court calculates the lodestar as $7,511.50. Moreover, the Court finds that the no adjustment to the lodestar is warranted because the factors either are subsumed by the lodestar calculation or are rendered neutral by the particular nature of an interpleader action, to wit:

> 1. *Time and Labor Required*
>
> This issue was adequately addressed through the lodestar calculation.
>
> 2. *Novelty and Difficulty of Questions Presented*
>
> Under the circumstances of this case, this factor is not applicable.
>
> 3. *Skills Requisite to Perform the Legal Service Properly*
>
> Plaintiff's counsel submitted thorough and extensive briefing addressing the factual and legal issues involved in this case. The approved hourly rate in the lodestar analysis reflects the expertise of counsel. Thus, this factor is neutral.
>
> 4. *Preclusion of Other Employment*
>
> Under the circumstances of this case, this factor is not applicable.
>
> 5. *Customary Fee*
>
> This issue was adequately addressed through the lodestar calculation.
>
> 6. *Whether the Fee is Fixed or Contingent*
>
> This issue was adequately addressed through the lodestar calculation.
>
> 7. *Time Limitations Imposed*

Under the circumstances of this case, this factor is not applicable.

*8.     Amount Involved and Results Obtained*

Under the circumstances of this case, this factor is not applicable.

*9.     Experience, Reputation, and Ability of the Attorneys*

As discussed supra, the skill and experience of Hartford's counsel is reflected in the reasonable hourly rates in the Court's lodestar analysis. This factor is neutral.

*10.    Undesirability of the Case*

Under the circumstances of this case, this factor is not applicable.

*11.    Nature and Length of Professional Relationship with the Client*

The meaning of this factor and its effect on the calculation of a reasonable attorney's fee is unclear and "the courts applying this factor typically state that this particular standard is irrelevant or immaterial." *See, e.g., Fox v. Pittsburg State Univ.*, No. 14-CV-2606-JAR, 2017 WL 2735475, at *18 (D. Kan. June 26, 2017) (citation omitted). This factor is thus neutral.

*12.    Awards in Similar Cases*

Under the circumstances of this case, this factor is not applicable.

**CONCLUSION**

Plaintiffs' Motion for Attorneys' Fees [Doc. No. 18] is **GRANTED** as set forth herein. Plaintiff is awarded attorney's fees in the amount of **$7,511.50**. Such

amount shall be paid by the Clerk of the Court from the interpleader funds on deposit in this action.

**IT IS SO ORDERED** this 11th day of April 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE