# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HARTFORD LIFE AND ACCIDENT COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-17-654-D ) |
| KEISHA JONES-ATCHISON, DAVID ATCHISON, SR., and FANNIE ATCHISON, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Anitra Haag, Amber Smith, and Kristie Hall, as parents and next friends of minor children L.M.H., I.E.S., and J.H., respectively (collectively "Applicants"), move to intervene as defendants in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure [Doc. Nos. 33, 35]. Defendants Keisha Jones-Atchison, David Atchison, Sr. and Fannie Atchison have not responded to the motion, but Plaintiff Hartford Life and Accident Insurance Company ("Hartford") has filed an objection to the extent Applicants seek to assert a counterclaim against Hartford [Doc. No. 43]. The matter is fully briefed and at issue.

## BACKGROUND

Hartford is the carrier of a group policy (the "Policy") with basic life insurance benefits (and other coverages not relevant to this action) for its policy holder—

Siemens Corporation ("Siemens"). David Lamare Atchison II ("Mr. Atchinson") was employed by Siemens and was a participant in the Policy. Mr. Atchison died after being shot by an unknown assailant on January 8, 2017. His wife, Keisha Jones-Atchison, submitted a claim for benefits payable on Mr. Atchison's death. However, Mr. Atchison's father, David Lamare Atchison, Sr., submitted a Preference Beneficiary Affidavit ("PBA"). In the PBA, Mr. Atchison, Sr. claimed entitlement to some or all of the Policy's benefits, by way of the Policy's succession provision.

To date, there have been no arrests in connection with the death of Mr. Atchison, although court filings in this case state that Ms. Jones-Atchison has not been ruled out as a suspect and the circumstances surrounding Mr. Atchison death remain unclear. Citing the existence of competing claims to the Policy proceeds, Hartford filed this interpleader action and the Court granted Hartford permission to deposit the proceeds into the Clerk's registry and be discharged from these proceedings [Doc. No. 22]. On January 30, 2018, Ms. Jones-Atchison filed a Motion for Summary Judgment [Doc. No. 32] seeking an award of the Policy benefits.

Subsequent to Hartford's discharge, Applicants filed the present motion, claiming that Mr. Atchison was the biological father of their children. They contend intervention is proper because the minor children each claim an interest relating to the proceeds at issue, and disposition of this action without their participation may impair or impede their ability to protect their interests. Applicants seek time to

conduct discovery and submit a response thereafter to Ms. Jones-Atchison's Motion for Summary Judgment.

As indicated above, Hartford objects to Applicants' motion on the grounds that they intend to assert a counterclaim against Hartford for proceeds that are not at issue in this litigation, specifically, supplemental life insurance benefits that were previously distributed under the terms of a plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

## DISCUSSION

Rule 24 states non-parties may intervene in a pending action as of right if: (1) the application is timely; (2) the applicants claim an interest relating to the property or transaction which is the subject of the action; (3) the applicants' interest may, as a practical matter, be impaired or impeded; and (4) the applicants' interest is not adequately represented by existing parties. *Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017). The Tenth Circuit has historically taken a liberal approach to intervention and favors the granting of motions to intervene. *See id.* (citing *Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 841 (10th Cir. 1996)).

A review of the foregoing factors supports granting Applicants' motion. First, under the present circumstances,[1] the Court finds Applicants' motion is timely. As set forth in their respective motions, Applicants had no notice of this action until a few days before filing their motion. Applicants were not notified by any party to this action, but discovered it by conducting a search regarding a related lawsuit before the Court. Moreover, the Court finds that the existing parties would not be prejudiced if Applicants were permitted to intervene. At the time of Applicant's motion, the only pending matter was Ms. Jones-Atchison's Motion for Summary Judgment, however such motion was made without the benefit of any discovery and rests on the simple assertion that Oklahoma's "slayer statute" does not apply. *See* Mot. for Summ. J. at 2 [Doc. No. 32].

However, as stated more fully below, Applicants would be prejudiced by a denial of their motion since they have an interest in the subject matter of this action and a denial of intervention would leave them with the alternative of filing a separate action to resolve an issue that is already before the Court. Absent discovery or substantive legal progress, the Court cannot say the present litigation is in any way

---

[1] In the Tenth Circuit, timeliness is determined "in light of all of the circumstances." *Western Energy*, 877 F.3d at 1164 (quoting *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010)). To this end, three non-exhaustive factors are "particularly important: (1) the length of time since the movants knew of their interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movants." *See id*.

at an "advanced stage" as to result in prejudice and prohibit intervention. *Compare Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 64 (1st Cir. 2008).

Regarding the second and third factors, Applicants have an asserted interest in the insurance proceeds that are the subject in this action. The disposition of this action would, as a practical matter, impair Applicants' ability to protect that interest. If the Court does not permit Applicants to intervene in this action, as noted, their only realistic alternative would be to file a separate declaratory action to resolve an issue that is already before the Court—the identity of the proper claimants/recipients regarding the proceeds at issue. Resolution of this question by Applicants' intervention would best promote judicial economy, as well as preserve the resources of the parties involved.

Lastly, it is self-evident that no current party adequately protects Applicants' interests. Permitting intervention, as opposed to requiring a separate lawsuit, would promote the public policies of conserving judicial resources and preventing inconsistent findings and judgments.

## CONCLUSION

Accordingly, Applicants' Motions to Intervene [Doc. Nos. 33, 35] are **GRANTED** as set forth herein. Applicants shall file their answer or responsive

pleading within **ten (10) days** of this Order.[2] Pursuant to the findings in this Order, the Court finds Ms. Jones-Atchison's pending Motion for Summary Judgment [Doc. No. 32] should be **STRICKEN** without prejudice to refiling.

**IT IS SO ORDERED** this 5th day of June 2018.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] In making the foregoing ruling, the Court expresses no opinion on whether Applicants' putative counterclaim against Hartford is valid, as such issue is better addressed via a motion to dismiss or motion for summary judgment, if necessary.