## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) ) ) | |
| Plaintiff/Counterclaim Defendant | ) ) ) ) | |
| v. | ) ) | Case No. CIV-17-654-D |
| KEISHA JONES-ATCHISON, Defendant | ) ) ) ) | |
| DAVID ATCHISON, SR., and FANNIE ATCHISON, | ) ) ) ) | |
| Defendants/Cross-Claim Defendants | ) ) ) ) | |
| And | ) ) | |
| ANITRA HAAG, as Parent, Legal Guardian, and Next Friend of L.M.H., a Minor; AMBER SMITH, as Parent, Legal Guardian, and Next Friend of I.E.S., a Minor; and KRISTIE HALL, as Parent, Legal Guardian, and Next Friend of J.H., a Minor, | ) ) ) ) ) ) ) ) ) ) | |
| Defendant-Intervenors/ Cross-Complainants/ Counter-Complainants | ) ) ) | |

## ORDER

Before the Court is Plaintiff/Counterclaim Defendant Hartford Life and Accident Insurance Company's ("Hartford") Motion to Dismiss Intervenor's Amended Counterclaim [Doc. No. 72]. Defendant-Intervenors/Counter-Complainants Anita Haag, Amber Smith, and Kristie Hall, as parents and next friends of minor children L.M.H., I.E.S., and J.H. ("the

Children"), respectively, have responded [Doc. No. 73]. Hartford has replied [Doc. No. 75]. The matter is fully briefed and at issue.

## BACKGROUND[1]

Hartford is the carrier of a group policy (the "Policy") with basic life insurance benefits (and other coverages not relevant to this action) for its policy holder—Siemens Corporation ("Siemens"). David Lamare Atchison II ("Mr. Atchison") was employed by Siemens and was a participant in the Policy. Mr. Atchison died after being shot by an unknown assailant on January 8, 2017. To date, there have been no arrests in connection with the death of Mr. Atchison, however, Ms. Keisha Jones-Atchison ("Jones"), Mr. Atchison's ex-wife, is a suspect and/or person of interest in the death of Mr. Atchison.

Jones submitted a claim for benefits payable on Mr. Atchison's death providing no details regarding the death of Mr. Atchison. Thereafter, Mr. Atchison's father, David Lamare Atchison, Sr. ("David"), submitted an executed Preference Beneficiary Affidavit ("PBA") in which he "testified that Decedent did not have any children or siblings." Amended Answer and Counterclaim [Doc. No. 68] at 8.

The succession provision of the Policy provides that:

> when the insured has not named a beneficiary, the benefits will be paid in the following order: (1) to the spouse or domestic partner, if living; otherwise (2) to the then living children of the insured, if any, in equal shares; otherwise (3) to the mother and father of the insured, if then living, in equal shares; otherwise

---

[1] In the background narrative, the Court has assumed the truthfulness of all admitted facts in the Complaint [Doc. No. 1], all well-pleaded facts in the Amended Answer and Counterclaim [Doc. No. 78] and draws all reasonable inferences therefrom in the light most favorable to Counterclaimants. *W. Watersheds Project v. Michael*, 869 F.3d 1189, 1194 (10th Cir. 2017).

(4) to the then living brothers and sisters of the insured, in equal shares; otherwise (5) to the estate of the insured.

Complaint at 3-4; Amended Answer and Counterclaim at 3, 7-8. In the PBA, David listed he and his wife as parents of Mr. Atchison and claimed entitlement to "a check in the full amount of the insurance proceeds payable to me," pursuant to the Policy's succession provision. Amended Answer and Counterclaim at 8. David testified in the PBA that Mr. Atchison had no surviving children. *Id.*; Complaint at 5.

Citing the existence of competing claims to the Policy proceeds, Hartford filed this interpleader action and the Court granted Hartford permission to deposit the proceeds into the Clerk's registry and be discharged from these proceedings. Hartford was discharged on October 19, 2017. Order [Doc. No. 22]. On January 30, 2018, Jones filed a Motion for Summary Judgment [Doc. No. 32] seeking an award of the Policy benefits.

After Hartford's discharge, the Children were granted leave to intervene in the case, and Jones' Motion for Summary Judgment was stricken without prejudice to refiling. Order [Doc. No. 46]. On December 17, 2018, the Children filed their Amended Answer and Counterclaim stating a claim against Hartford and cross-claims against the Atchisons.

The Children allege that: (1) Hartford failed to conduct a reasonable search of beneficiaries and improperly distributed $225,000 in supplemental life benefits to the Atchisons; (2) Hartford's failure to pay benefits to the Children is a violation of ERISA, fiduciary duties, and/or breach of contract; (3) the Atchisons acquired the life insurance benefits by making fraudulent misrepresentations by affidavit; (4) as a matter of law and equity, they are entitled to recover the life insurance benefits from the Atchisons; and, (5) the

3

Atchisons tortiously interfered with their contractual relationship with Hartford. The Children contend that "the burden of recouping the wrongly-paid policy benefits should fall upon Hartford, the entity that paid the benefits to the wrong persons without conducting a reasonable search." Amended Complaint at 10. To that end, the Children assert three claims against Hartford: (1) failure to pay benefits to the intended beneficiary in violation of ERISA; (2) breach of fiduciary duties; and, (3) breach of contract.

Hartford moves to dismiss all of the Children's counterclaims asserting that the claims fail as a matter of law. Hartford asserts that: (1) ERISA preempts the Children's claims for violation of fiduciary duties, and/or breach of contract; and, (2) the Children fail to state a claim for which relief can be granted regarding any ERISA violation.

## STANDARD OF DECISION

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[C]ourts should look to the specific allegations in the complaint to determine whether they plausibly support a legal

4

claim for relief." *Alvarado v. KOB–TV, L.L.C.,* 493 F.3d 1210, 1215 n.2 (10th Cir.2007) (citations omitted).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679; *see Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (stating that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context") (internal quotation omitted). Therefore, *Iqbal* and *Twombly* provide "no indication the Supreme Court intended a return to the more stringent pre-Rule 8 pleading requirements." *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678).

The Tenth Circuit has held that the *Iqbal*/*Twombly* pleading standard is "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Khalik*, 671 F.3d at 1191 (quoting *Robbins*, 519 F.3d at 1247). "Specific facts are not necessary"; the pleader's allegations need only provide the "defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. at 1192 (quoting *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)) (internal quotations omitted). "*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192. In ruling on a motion to dismiss a judge must accept all well-pled

allegations as true, and "may not dismiss on the ground that it appears unlikely the allegations can be proven." *Robbins*, 519 F.3d at 1247.

## DISCUSSION

Hartford asserts that the Children's claims for violation of fiduciary duties, and/or breach of contract are preempted by ERISA. Hartford contends that the Children fail to state an ERISA claim for which relief can be granted regarding ERISA violations because: (1) Hartford has no duty to question plan documents or search non-plan documents to identify potential beneficiaries; (2) the plan does not give the Children a private right of action against Hartford; and, (3) the Children's proper remedy is against the Atchisons. The Children respond that: (1) Hartford admits that it should pay the Children the benefits; (2) the PBA is not a plan document; (3) Hartford has not proved the policy is governed by ERISA; (4) they have stated a claim for which relief can be granted regarding violation of fiduciary duties and/or breach of contract; and, (5) Hartford's Motion should be converted to one for summary judgment.

**I.     Conversion to Summary Judgment Motion**

The Children assert that Hartford's Motion should be converted to one for summary judgment pursuant to Fed. R. Civ. P. 12(d), based on Hartford's reliance on the PBA, claim forms, divorce decree, and Mr. Atchison's obituary in support thereof. Response at 24. However, the Children assert that they agree the Policy does "not convert the Motion to one for summary judgment," relying instead on Hartford's use of other documentation. Response at 24. Thus, the Children explicitly waive any objection to the Court's consideration of the Policy in its consideration of Hartford's Motion to Dismiss.

The Children refer to and quote extensively from the PBA and the Policy in their Amended Answer and Counterclaim. Amended Answer and Counterclaim at 7-8. Therefore, the PBA and the Policy are central to the Children's claims. The Court also notes that the authenticity of the content of these documents is not in dispute. "Courts are permitted to review 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Toone v. Wells Fargo Bank, N.A.,* 716 F.3d 516, 521 (10th Cir. 2013) (quoting *Gee v. Pacheco,* 627 F.3d 1178, 1186 (10th Cir. 2010)). Therefore, the Court may examine the documents themselves in evaluating the plausibility of the Children's claims. *Id.* (citing *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941-42 (10th Cir.2002)).

Because the Court finds that it need only consider the facts alleged in the counterclaim, taken as true, and the Policy and the PBA in order to make a determination on Hartford's Motion, the request to convert the Motion to one for summary judgment is denied.

## II. Application of ERISA to the Policy

In response to Hartford's argument that ERISA pre-empts the Children's claims for violation of fiduciary duties and/or breach of contract, the Children assert only that "Hartford has not proven that the subject policy is governed by ERISA." Response at 9. Pursuant to 29 U.S.C.A. § 1002(1), ERISA applies to:

> any employee benefit plan if it is established or maintained—
> **(1)** by any employer engaged in commerce or in any industry or activity affecting commerce; or
> **(2)** by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or
> **(3)** by both.

7

29 U.S.C.A. § 1003(a).  "Employee benefit plan" is defined as:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment . . . .

29 U.S.C. § 1002(1).  The Policy itself states that the plan administrator is Siemens Corporation (Mr. Atchison's employer), that it is established for the benefit of Siemens' employees, and that it is an "employee welfare benefit plan" subject to ERISA.  Policy [Doc. No. 72-1] at 60.  The Policy also contains a notice of "ERISA Information" providing the ERISA-required "Statement of ERISA Rights, a description of Claim Procedures, and other specific information about the [Policy]." *Id*.  Further, the Children "admit that Hartford is the carrier of a group policy with basic life insurance benefits" and that Mr. Atchison was employed by Siemens and a participant in the Policy.  Amended Answer and Counterclaim at 2, 3.

For these reasons, the Court finds that the Policy at the center of this case is governed by ERISA.

### III. Preemption of State Law Claims

ERISA's preemption provision is "broadly worded" and "clearly expansive." *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 146 (2001).  This provision expressly "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA.  29 U.S.C. § 1144(a).  The expansive preemption provisions of ERISA "are intended to ensure that employee benefit plan regulation would be 'exclusively

8

a federal concern.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208, 124 S. Ct. 2488, 2495, 159 L. Ed. 2d 312 (2004) (quoting *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981)).

"[W]here the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA" and is preempted by ERISA. *Davila*, 542 U.S. at 210; *see Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45, 107 S. Ct. 1549, 1552, 95 L. Ed. 2d 39 (1987) (stating that "if a state law 'relate[s] to ... employee benefit plan[s],' it is pre-empted"); *see also Salzer v. SSM Health Care of Okla., Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (recognizing the two-part test set forth in *Davila* for determining whether state law claims are preempted by ERISA).

The Children have asserted breach of contract and breach of fiduciary duty claims based on Hartford's "failure to pay benefits to the intended beneficiary" of the Policy. [2] Amended Counterclaim at ¶ 24. All of the alleged facts in support of these claims relate to the beneficiary claim process and Hartford's alleged failures in determining the correct beneficiaries, or existence thereof, entitled to benefits. The Children have alleged no facts related to legal duties outside the Policy. Thus, these claims are directly related to the administration of the Policy and processing of a covered claim, and no legal duty other than that imposed by ERISA in the administration of the Policy is implicated by Hartford's actions.

---

[2] It is unclear from the Children's Amended Counterclaim if they are bringing their breach of contract and fiduciary duty claims under state law or as specific violations of ERISA. To the extent they are brought under state law, these claims are preempted as discussed herein.

Therefore, ERISA preempts the Children's state law breach of contract and breach of fiduciary duty claims.  *See Dedeaux*, 481 U.S. at 57 (state breach of contract and fiduciary duty claims based on failure to provide benefits were preempted by ERISA); *Pitman v. Blue Cross & Blue Shield of Okla.*, 24 F.3d 118, 121 (10th Cir. 1994) (state breach of contract claim preempted by ERISA); *Fortelney v. Liberty Life Assur. Co. of Bos.*, 790 F. Supp. 2d 1322, 1350 (W.D. Okla. 2011) (holding that breach of contract claim and others were preempted by ERISA as "[t]he claims implicate the terms and administration of the" policy and "seek to remedy misconduct growing out of the administration" of the policy).

Hartford's motion to dismiss must be granted as to the Children's state law claims for breach of contract and fiduciary duty.

## IV. Claim for Violation of ERISA

The Children assert Hartford violated ERISA by failing "to pay benefits to the intended beneficiary." Amended Counterclaim at ¶ 24. In support thereof, the Children allege: (1) the Atchisons submitted an executed PBA to Hartford misrepresenting that Mr. Atchison had no children; (2) Hartford accepted the affidavit and paid the benefits to the Atchisons based on that affidavit; (3) the Children are the correct beneficiaries; (4) Hartford had a duty to conduct a reasonable search for possible children; (5) public court records indicate Mr. Atchison had children; and, (6) Hartford, as the party who allegedly paid the benefits to the wrong people should bear the burden of recouping the benefits from the Atchisons. Amended Counterclaim at 9, 10. Hartford contends that the Children have failed to state a claim under ERISA because: (1) there is no duty to question plan documents or

search non-plan documents to identify potential beneficiaries; and, (2) the Children have no legal right to benefits from Hartford that have already been distributed to the Atchisons.

The Court finds that the salient question is whether ERISA imposes a duty on Hartford to investigate David's sworn statements and claim for benefits by searching non-plan documents to identify other potential beneficiaries. Therefore, the Court need not address Hartford's second argument for dismissal.

"Every employee benefit plan shall be established and maintained pursuant to a written instrument," and shall "specify the basis on which payments are made to and from the plan." 29 U.S.C. § 1102(a)(1), (b)(4). "The plan administrator is obliged to act 'in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [Title I] and [Title IV] of [ERISA],' and ERISA provides no exemption from this duty when it comes time to pay benefits." *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300, 129 S. Ct. 865, 875, 172 L. Ed. 2d 662 (2009) (quoting 29 U.S.C. § 1104(a)(1)(D)) (alterations supplied); *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 108, 134 S. Ct. 604, 612, 187 L. Ed. 2d 529 (2013) (stating that "once a plan is established, the administrator's duty is to see that the plan is 'maintained pursuant to [that] written instrument'") (quoting 29 U.S.C. § 1102(a)(1)). The "focus on the written terms of the plan is the linchpin of 'a system that is [not] so complex that administrative costs, or litigation expenses, unduly discourage employers from offering [ERISA] plans in the first place.'" *Heimeshoff*, 571 U.S. at 108 (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 497, 116 S. Ct. 1065, 1070, 134 L. Ed. 2d 130 (1996)) (alterations supplied).

Thus, "[a] plan administrator that pays benefits in accord with established plan procedures when it has 'no reason to suspect that anything was amiss' is 'not obligated to inquire further.'" *Yarbary v. Martin, Pringle, Oliver, Wallace & Bauer, LLP*, 584 Fed. Appx. 918, 919 (10th Cir. 2014) (quoting *Foster v. PPG Indus., Inc.,* 693 F.3d 1226, 1236–37 (10th Cir. 2012)). Otherwise, "[p]lan administrators would be forced to examine a multitude of external documents that might purport to affect the dispensation of benefits" and undermine the purpose of ERISA in minimizing administrative costs, litigation expenses, and avoid unduly discouraging employers from offering such plans. *Kennedy*, 555 U.S. at 301 (quotations omitted).

Pursuant to 29 U.S.C. § 1104(a), "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries . . . with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." An arbitrary and capricious standard is applied to a plan administrator's actions in determining whether a fiduciary duty has been breached. *Foster*, 693 F.3d at 1231–32. Therefore, in determining whether Hartford breached a fiduciary duty owed to the Children, "the Court's inquiry is limited to whether the administrator acted reasonably and in good faith." *Speer v. Prudential Ins. Co. of Am.*, CIV-14-669-C, 2015 WL 12781022, at *4 (W.D. Okla. Aug. 19, 2015), *aff'd, Speer v. Prudential Ins. Co. of Am.*, 645 Fed. Appx. 821 (10th Cir. 2016).

The Children allege that: (1) David submitted a PBA falsely testifying that Mr. Atchison had no children; (2) David submitted a claim for the Policy benefits; and, (3)

Hartford relied on David's PBA in distributing the Policy benefits.[3] Amended Answer and Counterclaim at 4, 8, 9, 10.

The Tenth Circuit and other circuits provide sufficient guidance as to the reasonableness with which Hartford acted and whether the Children have stated a claim as a matter of law with regard to Hartford's reliance on the PBA in dispersing the Policy benefits. In *Foster*, *supra*, the Tenth Circuit held that the plan administrator was "not obligated to inquire further as to the actual identity of the requester" where benefits were withdrawn pursuant to a fraudulent electronic request but according to the plan's procedures. *Foster*, 693 F.3d at 1236. The Tenth Circuit likewise held, in *Yarbary*, *supra*, that an allegation that a beneficiary form was forged was insufficient to state an ERISA claim as a matter of law. *Yarbary*, 584 Fed. Appx. at 919.

Following the precedent of *Foster* and *Yarbray*, this Court has previously held that a plan administrator does not breach any fiduciary duty by relying on a fraudulent PBA in disbursing benefits where the PBA contained: (1) a declaration by the declarant that the information contained therein was truthful to the "best of his knowledge"; and, (2) a warning that whoever knowingly provides false or misleading information may be guilty of a crime. *See Speer*, 2015 WL 12781022 at *4. In *Speer*, a PBA was submitted listing two sons as beneficiaries of an ERISA life insurance plan and requesting payment be sent to the same address for each beneficiary. *Speer*, 2015 WL 12781022 at *1. Relying on the PBA, the plan

---

[3] The Children refer to the PBA in their Amended Counterclaim as "an affidavit," however, they admit Hartford's alleged facts in the Complaint that this affidavit was, in fact, the PBA. Complaint at 5; Amended Answer and Counterclaim at 10. Both parties also exclusively refer to the PBA in their briefing. Motion at 4-5; Response at 4.

administrator distributed a separate check to each of the beneficiaries at the single address identified therein. *Id.* The beneficiary who filled out the PBA thereafter endorsed and deposited both of the checks into his own bank account. The other beneficiary asserted claims against the plan administrator alleging breach of fiduciary duty under ERISA and seeking reimbursement of the benefits from the plan administrator. *Id.* The beneficiary asserted that the plan administrator had a duty to investigate his address despite the statements in the PBA. *Id*. at *4.

The Court determined that the administrator's reliance on the information in the PBA did "not support a finding that Defendant breached a fiduciary duty." *Id*. at *4. The administer was obligated to investigate and identify the beneficiaries of the death benefits, and did so when it provided an identified beneficiary with the PBA who in turn identified an additional beneficiary. *Id*. The "decision to rely on the PBA was reasonable and done in good faith." *Id*.

As in *Speer*, Hartford investigated the existence of beneficiaries according to the Policy provisions. When Hartford determined Jones was a suspect in the murder investigation of Mr. Atchison, Hartford turned to David's PBA to identify possible beneficiaries. The PBA stated that Mr. Atchison had no surviving children. Amended Answer and Counterclaim at 4, 8; Response at 4. Relying on the stated facts in the PBA, Hartford distributed the benefits according to the succession provision of the Policy. Also as in *Speer*, the Amended Counterclaim alleges Hartford relied upon a PBA that was notarized and signed "under penalty of false statement, that the information provided is true and complete to the best of my knowledge and belief." PBA at 1; *see also* Complaint at ¶ 22; Amended Answer and

Counterclaim at 4. Hartford had no reason to doubt David's sworn affidavit, nor have the Children cited any controlling case law requiring a plan administrator to investigate the veracity of sworn statements regarding the existence of surviving children or other qualifying beneficiaries.[4] Further, the court in *Speer* clearly accepted the PBA as a plan document or, at minimum, an acceptable means of investigating the existence of beneficiaries for the purpose of distributing benefits pursuant to the Policy's succession provision.

The Court declines to waiver from the direction provided by the Tenth Circuit in *Foster* and *Yarbray*, *supra*, and the reasoning in *Speer*. The Children have failed to state any plausible claim against Hartford. Hartford's Motion must be granted.

## CONCLUSION

As stated herein, Plaintiff/Counterclaim Defendant Hartford Life and Accident Insurance Company's Motion to Dismiss Intervenor's Amended Counterclaim [Doc. No. 72] is **GRANTED**.

**IT IS SO ORDERED** this 23rd day of August 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[4] The Children point to the omission on the PBA of Mr. Atchison's brother as a "red flag" to Hartford that the PBA contained false information. Response at 27. However, this omission neither put Hartford on notice of irregularities nor bears relevance to the Children's claims. As asserted by the Children, Mr. Atchison's parents were superior beneficiaries to any surviving siblings under the Policy. *See* Amended Answer and Counterclaim at 8; Response at 11.