**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HARTFORD LIFE AND<br>ACCIDENT INSURANCE COMPANY, | ) ) ) | |
| Plaintiff/Counterclaim<br>Defendant | ) ) ) | |
| v. | ) ) | Case No. CIV-17-654-D |
| KEISHA JONES-ATCHISON,<br>Defendant | ) ) ) | |
| DAVID ATCHISON, SR., and<br>FANNIE ATCHISON, | ) ) ) | |
| Defendants/Cross-Claim<br>Defendants | ) ) ) | |
| and | ) ) | |
| ANITRA HAAG, as Parent, Legal<br>Guardian, and Next Friend of L.M.H.,<br>a Minor; AMBER SMITH, as Parent,<br>Legal Guardian, and Next Friend of I.E.S.,<br>a Minor; and KRISTIE HALL,<br>as Parent, Legal Guardian, and<br>Next Friend of J.H., a Minor, | ) ) ) ) ) ) ) | |
| Defendant-Intervenors/<br>Cross-Complainants/<br>Counter-Complainants. | ) ) ) | |

**ORDER**

Before the Court is Defendant Keisha Jones' ("Jones") Motion to Enter Scheduling

Order and Consolidation of Discovery [Doc. No. 76], seeking consolidation with the

related case of *Farmers New World Life Company v. Keshia Jones, et. al.,* Case No. CIV-

17-1254-D.  Jones filed a motion seeking the same relief in *Farmers*.  Motion to Enter

Scheduling Order and Consolidation of Discovery [Doc. No. 58], *Farmers*, Case No. CIV-17-1254-D. This Order will address the Motions filed in both actions. Defendants and Cross-Claim Defendants David Atchison, Sr. and Fannie Atchison ("the Atchisons") have responded [Doc. No. 77]. Plaintiff and Counterclaim Defendant Hartford Life and Accident Insurance Company ("Hartford") has responded [Doc. No. 78]. The matter is fully briefed and at issue.

## BACKGROUND

Hartford is the carrier of a group policy (the "Policy") with basic life insurance benefits (and other coverages not relevant to this action) for its policy holder—Siemans Corporation ("Siemens"). David Lamare Atchison II ("Mr. Atchison") was employed by Siemens and was a participant in the Policy. Mr. Atchison died after being shot by an unknown assailant on January 8, 2017. His wife, Keisha Jones-Atchison ("Jones"), submitted a claim for benefits payable on Mr. Atchison's death. However, Mr. Atchison's father, David Lamare Atchison, Sr., submitted a Preference Beneficiary Affidavit ("PBA"). In the PBA, Mr. Atchison, Sr., claimed entitlement to some or all of the Policy's benefits, by way of the Policy's succession provision.

To date, there have been no arrests in connection with the death of Mr. Atchison. However, court filings in this case state that Jones has not been ruled out as a suspect, and the circumstances surrounding Mr. Atchison's death remain unclear. Citing the existence of competing claims to the Policy proceeds, Hartford filed this interpleader action on June 13, 2017. Complaint [Doc. No. 1]. The Court eventually granted Hartford permission to deposit the proceeds into the Clerk's registry and be discharged from these proceedings.

Order [Doc. No. 22]. On January 30, 2018, Jones filed a Motion for Summary Judgment [Doc. No. 32] seeking an award of the Policy benefits.

Subsequent to Hartford's discharge, Anita Haag, Amber Smith, and Kristie Hall, as parents and next friends of minor children L.M.H., I.E.S., and J.H. ("the Children"), respectively, were granted leave to intervene in the case, and Defendant Keisha Jones' Motion for Summary Judgment was stricken without prejudice to refiling. Order [Doc. No. 46]. On June 7, 2018, the Children filed their Answer and Counterclaim [Doc. No. 47] stating a claim against Hartford and cross-claim against the Atchisons. The Children filed an Amended Answer, Counterclaim, and Cross Claim [Doc. No. 68] on December 17, 2018.

The Children allege: (1) Hartford improperly distributed $225,000 in supplemental life benefits the Atchisons; (2) the Atchisons acquired the life insurance benefits by making fraudulent misrepresentations by affidavit; (3) as a matter of law and equity, they are entitled to recover from the life insurance benefits from the Atchisons; and, (4) the Atchisons tortiously interfered with their contractual relationship with Hartford. Hartford thereafter filed a Motion to Dismiss [Doc. No. 72] the Children's counterclaim. The Court granted Hartford's Motion to Dismiss on August 23, 2019 and dismissed all claims against Hartford. Order [Doc. No. 79].

On November 21, 2017, Farmers New World Life Insurance Company ("Farmers") filed a separate interpleader case, CV-17-1254-D, relating to two life insurance policies issued to Jones. Farmers alleged that Jones is, according to the Oklahoma City Police Department, the primary suspect in Mr. Atchison's murder, and that it appears that Okla.

Stat. tit. 84, § 231 (commonly known as the "slayer statute") may prevent Jones from taking the proceeds of the Policies. Due to "the potential applicability of the slayer statue and potential conflicting claims of the Defendants," Farmers alleged it was unable to distribute the insurance benefits. Complaint [Doc. No. 1], *Farmers*, Case No. CV-17-01254-D, at 4. Farmers named the Atchisons as defendants in the case. Farmers alleged that if the slayer statute is found to apply to prevent Jones from taking the proceeds, the Atchisons would be entitled to the proceeds.

Farmers later amended their Complaint to add the Children as Defendants. In the Amended Complaint, Farmers again stated that it had not been able to distribute the insurance proceeds due to "the potential applicability of the slayer statue and potential conflicting claims of the Defendants." Amended Complaint [Doc. No. 16], *Farmers*, Case No. CV-17-01254-D, at 4.

Jones and the Children filed answers to Farmers' Amended Complaint separately claiming they are entitled to the proceeds of the *Farmers* policies. On April 17, 2018, the Court granted Farmers leave to deposit the proceeds into the Clerk's registry and discharged Farmers from the case. Order [Doc. No. 31], Case No. CV-17-1254-D. The Atchisons have not answered or otherwise entered appearances in case number CV-17-1254-D.

## DISCUSSION

Jones moves the Court to set a date for a Joint Status and Scheduling Conference and to consolidate this case with *Farmers New World Life Company v. Keshia Jones, et. al.*, Case No. CIV-17-1254-D, for discovery purposes. Motion at 1. Jones has filed a

motion mirroring this request in *Farmers*. Jones asserts consolidation is appropriate because: (1) "issues of the case and discovery are interrelated and the claims in both cases, defenses and cross-claims arise out of the same operative set of facts"; and, (2) consolidation for discovery purposes would prevent unnecessary delay and duplication. Motion at 1, 2.

The Atchisons respond that: (1) Jones fails to identify any specific questions of fact or law that are common to the cases or what benefits consolidation of discovery would serve; and, (2) consolidation would cause undue prejudice. Hartford also responded but was dismissed from this case prior to the Court issuing the instant order. Order [Doc. No. 79]. Therefore, the Court finds Hartford's objections to consolidation are moot.

"If actions before the court involve a common question of law or fact," it is within the sound discretion of the Court to consolidate those actions for the purposes of discovery. Fed. R. Civ. P. 42(a); *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978); *see also Dorrough v. GEO Grp., Inc.*, CIV-14-1389-D, 2017 WL 31412, at *1 (W.D. Okla. Jan. 3, 2017). "The objective of Rule 42(a) is 'to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties.'" *Blagg v. Line*, 09CV0703, 2010 WL 3893981, at *1 (N.D. Okla. Sept. 23, 2010) (quoting *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004)).

However, "a trial court in its discretion should not consolidate actions where confusion or prejudice may result." *St. Paul Fire & Marine Ins. Co. v. King*, 45 F.R.D. 519, 520 (W.D. Okla. 1968). "The party seeking consolidation has the burden to show the

benefits of consolidation or the risk of injury to the moving party if the actions are not consolidated. *Wedel Grp. XVIII, LLC v. Employers Mut. Cas. Co.*, CIV-11-1113-F, 2011 WL 13116080, at *1 (W.D. Okla. Dec. 16, 2011) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).

Both *Farmers* and the instant case involve the same common question. All of the defendants in both cases assert they are entitled to the benefits of life insurance policies involved. The focus of both cases is to reach a determination of which Defendants and/or Defendant-Intervenors/Cross-Claimants should receive those proceeds. The Court finds that the primary question in both cases is the same and the commonality requirement is clearly met under the circumstances presented.

Further, the Atchisons fail to demonstrate how prejudice would result from consolidation for the purposes of discovery. The Atchisons assert that consolidation would require their participation "in additional and unnecessary discovery related to the *Farmers* dispute" and point to the fact that they have not entered appearances in that case. Atchison Response at 3. This argument is unpersuasive. Although the Atchisons never filed an answer or entered an appearance in the *Farmers* case, any discovery in *Farmers* would relate directly to the question in the instant case: which party is entitled to the insurance benefits at issue. Therefore, the Court finds that consolidation would not result in undue prejudice or expense to the Atchisons.

The Court finds that consolidation for the purpose of discovery will not result in undue prejudice or expense to the parties. The Court likewise finds that judicial economy

would be best served by consolidation for the purposes of discovery. Accordingly, the cases should be consolidated for discovery purposes only.

In keeping with the Court's customary practice, the consolidation of the cases will result in a direction that the Clerk administratively close the higher-numbered case and that the parties make all future filings only in the lower-numbered case. This practice is a matter of administrative convenience so there is no need for the Clerk to maintain two files and the parties (or the Court) to make duplicate filings. It does not prejudice the right of a defendant to assert any defense or raise any issue in the consolidated action that was available to that defendant in the separate case. Should it later appear that separate trials are warranted, bifurcation will be ordered, and the higher-numbered case can be reopened.

## CONCLUSION

For the above reasons, Defendant Keisha Jones-Atchison's Motion to Enter Scheduling Order and Consolidation of Discovery [Doc. No. 76] is **GRANTED**.

**IT IS THEREFORE ORDERED** that the above-styled case and *Farmers New World Life Insurance Company v. Keisha Jones, et al.*, Case No. CIV-17-1254-D, are consolidated for the purposes of discovery only. The Clerk is directed to administratively close the *Farmers New World Life Insurance Company v. Keisha Jones, et al.*, Case No. CIV-17-1254-D. All future filings shall be made only in the above-styled case until further order of the Court.

**IT IS SO ORDERED** this 28th day of August, 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge